**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

**TONY LOGAN**                                                                                                  **PETITIONER**

**VS.**            **CASE NO.: 5:14CV00112 JLH/BD**

**RAY HOBBS, Director,**
**Arkansas Department of Correction**                                                    **RESPONDENT**

### RECOMMENDED DISPOSITION

**I.     Procedure for Filing Objections**

This Recommended Disposition ("Recommendation") has been sent to United States District Judge J. Leon Holmes.  Mr. Logan - or any party - may file written objections to this Recommendation.

Objections must be specific and must include the factual or legal basis for the objection.  An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

An original and one copy of objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation.  A copy will be furnished to the opposing party.

If no objections are filed, Judge Holmes can adopt this Recommendation without independently reviewing all of the evidence in the record.  By not objecting, you may also waive any right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

>   Clerk, United States District Court
>   Eastern District of Arkansas
>   600 West Capitol Avenue, Suite A149
>   Little Rock, AR 72201-3325

**II.     Introduction**

Petitioner Tony Logan filed this 28 U.S.C. § 2254 petition for writ of habeas corpus on March 25, 2014, claiming that his parole was improperly revoked. (Docket entry #2)  Arkansas Department of Correction Director Ray Hobbs responded to the petition, arguing, in part, that the case is moot because Mr. Logan has again been paroled. (#5)  On April 28, 2014, Mr. Logan replied, but did not address the mootness issue. (#7)  On May 7, 2014, Director Hobbs supplemented his response to confirm that Mr. Logan, indeed, was paroled after the petition was filed. (#11)  On May 13, 2014, Mr. Logan filed a change of address, confirming that he is currently again on parole. (#13)

In a May 14, 2014 Order, the Court noted that Mr. Logan's release appeared to moot his habeas corpus petition and gave him fourteen days to explain why his petition should not be dismissed. (#14)  Mr. Logan has not responded to the May 14 Order, and the time to do so has passed.  Because the petition is now moot, it should be DISMISSED, without prejudice.

### III. <u>Discussion</u>

Mr. Logan filed this petition while incarcerated after the State had revoked his parole. He did not attack the underlying conviction that led to his incarceration, but rather, only the revocation of his parole. (#2)

To sustain a challenge to parole revocation, Mr. Logan must show a "continuing injury" resulting from the alleged wrongful revocation. *Spencer v. Kemna*, 523 U.S. 1, 7-8, 118 S.Ct. 978, 983 (1998). At the time of filing, his incarceration was the injury sustaining his petition. As noted, however, he is no longer incarcerated.

In the parole revocation context, Mr. Logan is not subject to a continuing injury. *Id.* Under Supreme Court precedent,"continuing injury" in habeas corpus cases is quite narrowly construed. For example, the possibility of detriment at a future parole hearing, of an enhanced sentence at a future hearing, or of impeachment of future testimony are all deemed insufficient to show a continuing injury. Likewise, the inability to pursue damages for wrongful revocation,[1] and even the state's intentional delay of habeas proceedings for the purpose of mooting a petition, are not enough. *Spencer*, 523 U.S. at pp. 14-18.

Because Mr. Logan cannot show a continuing injury, his petition is moot. There is no case or controversy at issue under Article III, § 2, of the Constitution. *Id.* at p. 14.

---

[1]In *Heck v. Humphrey*, the Supreme Court held that a § 1983 claim that necessarily implies the invalidity of a conviction or sentence cannot be brought until the conviction or sentence is invalidated. 512 U.S. 477, 487, 114 S.Ct. 2364 (1994).

And in the absence of a case or controversy, this Court lacks jurisdiction to address Mr. Logan's petition. Accordingly, Judge Holmes should dismiss the petition, without prejudice.

### IV. Certificate of Appealability

When entering a final order adverse to a petitioner, the Court must issue or deny a certificate of appealability. Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court. The Court can issue a certificate of appealability only if Mr. Logan has made a substantial showing that he was denied a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). In this case, Mr. Logan has not provided a basis for issuing a certificate of appealability.

### V. Conclusion

The Court recommends that Tony Logan's petition for writ of habeas corpus be dismissed, without prejudice. The Court further recommends that no certificate of appealability be issued.

DATED this 10th day of June, 2014.

_____
UNITED STATES MAGISTRATE JUDGE